**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| Francis Martinez, <br><br> Plaintiff, <br><br> vs. <br><br> Beer Exchange, LLC, a Michigan Limited Liability Company; and 19 Props, LLC, a Delaware Limited Liability Company, <br><br> Defendants. | Case No. 16-cv-00575-RJJ-PJG <br><br> Hon. Robert J. Jonker |

**FIRST AMENDED COMPLAINT**

Plaintiff, Francis Martinez ("Plaintiff"), hereby brings an action for injunctive relief, and recovery of attorneys' fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. ("ADA"), and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL §37.1301 et seq., against Beer Exchange, LLC ("Beer Exchange"), 19 Props, LLC ("19 Props") together with its assignees and successors-in-interest and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1.  This action arises from a violation of Title III of the ADA, 42 U.S.C. §12181, eq. seq., and the PDCRA, MCL §37.1301 et. seq.  This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 28 USC §1343 and supplemental jurisdiction under 28 USC §1367.

2.  Defendant, Beer Exchange, LLC, is a Michigan limited liability company doing business as "Kalamazoo Beer Exchange" located at 211 Water Street, Kalamazoo, MI 49007 (the

2

"Premises").

3. Defendant, 19 Props, LLC, is a Delaware limited liability company and owns the Premises

4. The Premises is a place of public accommodation as defined under the ADA and the PDCRA.

5. Under 28 C.F.R. 36.201(b), both an owner and tenant are subject to the requirements of the ADA.

6. Venue is proper as the Premises that is the subject matter of the claims herein is located in a city and municipality located within Kalamazoo County, Michigan.

## PLAINTIFF AND STANDING

7. Plaintiff, is a resident of Ocean County, New Jersey, and is disabled at all times material to this Complaint.

8. Plaintiff is an individual with numerous disabilities, including, but in no way limited to, total knee anthroplasty, degenerative disc disease, chronic back and lower extremity pain due to lumbar herniations and lumbar radiculopathy, pain with range of motion, antalgic gait, paraspinal spasm, tenderness in the midline as well as a positive straight leg raise caused by his being in an accident over ten years ago and the related complications from multiple operations and procedures. These conditions cause Plaintiff to suffer from sudden onsets of severe pain and require Plaintiff to use a mobility device, all of which substantially limits Plaintiff's major life activities. At the time of Plaintiff's initial visit to the Premises (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA and required accessible means of entry at the Premises. Plaintiff personally visited the Premises, but was denied full and

3

equal access and full and equal enjoyment of the facilities, services, goods and amenities within the Premises, even though he would be classified as a "bona fide patron."

9. Plaintiff is a customer of Beer Exchange and visited the Premises in March 2016 to enjoy the goods and services offered at the Premises as Defendants offers said goods and services without restriction to members of the public that do not suffer from a physical disability.

10. Plaintiff will avail himself of the services offered at the Premises in the future, provided that Defendants modify the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

11. Plaintiff would return to the Premises identified herein to enjoy the goods, services, privileges, advantages and/or accommodations being offered to members of the public without physical disabilities, but he is deterred from returning due to the discriminatory conditions at the Premises.

12. Completely independent of his personal desire to have access to these Premises, which is a place of public accommodation, free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against persons with disabilities in places of public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers of access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the Premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of

other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify compliance or non-compliance with the ADA and the PDCRA and maintenance of the accessible features of the Premises. In these instances referenced in this Complaint, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violation set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention and thus Plaintiff will suffer legal harm and injury in the near future.

13. Plaintiff has suffered an injury under the ADA and PDCRA because of his awareness of discriminatory conditions at the Premises and his being deterred from visiting or patronizing said public accommodations.

14. Plaintiff's injury is concrete and particularized because he is being deterred from visiting or patronizing the Premises.

15. Plaintiff's injury is caused as a direct result of Defendants' failure to remove discriminatory architectural features at the Premises.

16. Plaintiff's injury will be redressed by the Court's ordering Defendants to comply with the ADA and PDCRA.

17. Plaintiff feels fortunate that lawmakers have designated a legal remedy for persons who have disabilities and their families, through the ADA and PDCRA, to eliminate discriminatory behavior.

18. In the matter at hand, Plaintiff seeks the removal of all mobility and accessibility related architectural barriers at the Premises, which is clearly a place of public accommodation.

These barriers, as well as others, deter Plaintiff, and others who suffer from physical disabilities, from visiting the Premises because they are hurtful and demeaning symbols of discrimination against people with physical disabilities and they force Plaintiff to use an increased level of exertion to gain access.

19. Plaintiff will suffer continued discrimination if the barriers to access existing at Defendant's Premises as listed above are not immediately removed.

20. As a direct result of Defendants' conduct, Plaintiff has suffered, and will certainly continue to suffer, discrimination in the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Premises based upon the fact that Plaintiff is a person with physical disabilities.

21. Plaintiff has retained undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

22. Plaintiff adopts and re-alleges the allegations stated above as if fully stated herein.

23. Pursuant to 42 U.S.C. §12182(7), 28 C.F.R. §36.104, the Premises is a place of public accommodation covered by the ADA by the fact that it provides services to the general public, and as such, must be must be in compliance with the ADA.

24. Defendants have discriminated and continue to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101, et. seq., and by failing to remove

architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

25. Plaintiff has visited the Premises and has been denied full and safe equal access to the facilities, and therefore suffered an injury in fact.

26. Plaintiff intends to return and enjoy the goods or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendants' failure and refusal to provide persons with disabilities with full and equal access to its facilities at the Premises. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA and PDCRA.

27. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R. §36 and the ADA Accessibility Guidelines ("ADAAG"), 28 C.F.R. Part 36.

28. Under the PDCRA, a person shall not "deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids. . . ." MCL §37.1302(a).

29. Defendant has discriminated, and continues to discriminate, against Plaintiff on the basis of his disability, as set forth in this Complaint. In the absence of the injunction sought herein, the Plaintiff likely to encounter Defendant's same discriminatory policies and practices.

30. Defendants are in violation of 42 U.S.C. §12182, et. seq., and the 2010 American

Disabilities Act Standards for Accessible Design, et. seq., and is discriminating against Plaintiff as a result of, inter alia, the following specific violations found in the bottom floor men's restroom located on the Premises[1]:

    a. Failing to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22, 603, 603.2.3, 604, 604.3 and 604.3.1.

    b. Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1, 604.5.2, 609 and 609.4.

    c. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3.

    d. Failing to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

    e. Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

    f. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

31. To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth above.

32. Although Defendant is charged with having knowledge of the violations, Defendant

---

[1] It is believed these same violations are present in the Women's Restroom. However, due to Mr. Abreu's gender, same cannot be confirmed by Plaintiff.

8

may not have had actual knowledge of said violations until this Complaint made Defendant aware of same.

33. To date, the readily achievable barriers and violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions with the ADA.

34. To date, the barriers and violations of the ADAAG are not structurally impracticable and have not been remedied or altered in such a way to have compliance with the ADAAG.

35. Pursuant to the ADA, 42 U.S.C. §12101, et. seq., and 28 C.F.R. §36.304, Defendant was required to make the establishment (Premises), which is a place of public accommodation, accessible to persons with disabilities, by no later than January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

36. The above violations are readily achievable and not structurally impractical to modify in order to bring the Premises into compliance with the ADA and the ADAAG.

37. In instances where the 2010 ADA and/or 2010 ADAAG standard does not apply, the 1991 ADA Standards apply to the violations listed herein.

38. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's request for injunctive relief, including entering an Order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed.

39. Defendant is in the best position and has an affirmative obligation to identify the architectural barriers in, at or on Defendant's Premises.

40. The identification of barriers listed herein is far from comprehensive.

9

41. Since most barriers involve a matter of mere inches or degrees, by their very nature, they are undetectable to the unaided eye. To identify a less-than-obvious architectural barrier requires a person to have unfettered access to a property with tools such as a tape measure, slope reader, and note pad. Due to the nature of these barriers and lack of access to the barriers, Plaintiff requires an on-site inspection to provide a comprehensive list of barriers that should be removed.

WHEREFORE, Plaintiff respectfully requests an Order against Defendant and its assignees and successors-in-interest to include the following:

A. This Court declare that the Premises owned, operated and/or controlled by Defendant that is identified in this Complaint are in violation of the ADA and PDCRA;

B. This Court declare that the Premises owned, operated and/or controlled by Defendant that are identified in this Complaint are in violation of the ADAAG;

C. This Court enter an Order requiring Defendant to alter its Premises that are the subject of this Complaint to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and PDCRA;

D. This Court enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Premises identified in this Complaint;

E. A temporary injunction and a permanent injunction prohibiting conduct of business at the Premises until such time as the existing barriers to Plaintiff's access to the Premises identified in the Complaint are removed.

F. An order directing the removal of existing barriers to access to make the Premises accessible to and usable by individuals with disabilities as required by the ADA and PDCRA;

G. An award of attorneys' fees, all costs (including, but not limited to Court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. §12205;

H. Monetary damages pursuant to PDCRA; and

I. Any other such relief as the Court deems just and proper.

Respectfully Submitted,

CHASTAIN & AFSHARI, LLP

Dated: October 20, 2016

/s/ George T. Blackmore

By: George T. Blackmore (P76942)
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
Email: george@cnalawgroup.com
Telephone: (248) 845-8594
Fax: (480) 999-0665
*Attorney for Plaintiff*